## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRANDON CAMPBELL, )
)
)
Plaintiff, )
)
v. )    Case No. CV-19-739-R
)
CSAA FIRE & CASUALTY INSURANCE )
COMPANY f/k/a AAA FIRE & )
CASUALTY INSURANCE COMPANY, )
)
Defendant. )

## <u>ORDER</u>

Before the Court is the Motion to Compel, Doc. No. 21, filed by Defendant CSAA

Fire & Casualty Insurance Company pursuant to Federal Rule of Civil Procedure

26(a)(1)(A)(iii). Plaintiff Mr. Campbell has responded in opposition to the  motion, Doc.

No. 29, and Defendant has replied, Doc. No. 32. Upon review of the parties' submissions,

the Court grants Defendant's motion.

On July 23, 2019, Plaintiff filed a Petition against Defendant in the District Court

of Oklahoma County, Oklahoma, asserting claims against Defendant for breach of

insurance contract and bad faith. Doc. No. 1. Defendant removed the case here. *Id.* In

Plaintiff's Rule 26 initial disclosures, Plaintiff generally described his damages. *See* Doc.

No. 21–2. Defendant contends that Plaintiff's initial disclosure of damages does not

comply with Rule 26(a)(1)(A)(iii) and asks the Court to order Plaintiff to supplement his

computation of damages to comply with that rule. Doc. No. 21. Defendant does not request

1

that the Court determine a remedy pursuant to Rule 37(c)(1). The Court thus addresses Plaintiff's arguments pursuant to Rule 26, without discussing the corresponding remedies in Rule 37(c)(1).[1]

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to disclose to its opposing party "a computation of each category of damages claimed by the disclosing party—who must also make available . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). Put differently, a party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations. *See, e.g., Design Strategy, Inc. v. Davis,* 469 F.3d 284, 295 (2d Cir. 2006). "The plaintiff cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011).

Rule 26(e) also requires a party to "supplement or correct its [Rule 26(a)] disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A). When a party receives additional documents that it intends to use to prove its damages, or when its previous damages computation becomes otherwise inadequate, a party must supplement

---

[1] Rule 37(c)(1) prevents one party from using information at trial that has not been provided to the opposing party, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

its Rule 26(a)(1)(A)(iii) computation. *See Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.,* 175 F.3d 1221, 1229 n. 2 (10th Cir.1999).

Here, Plaintiff's initial computation of damages, Doc. No. 21–2, clearly fails to comply with Rule 26(a)(1)(A)(iii). Plaintiff disclosed the following:

> C. Computation of damages:
> 1. The loss of policy benefits underlying Plaintiff's claim as detailed in previous communications with Defendant including cost of repairing Plaintiff's residence and additional living expenses incurred by Plaintiff.
> 2. Consequential damages suffered by Plaintiff which are currently being investigated
> 3. Interest at 15% from date of loss per 36 O.S. § 3629.
> 4. Punitive damages in maximum amount allowable under Oklahoma law:
>    a. $100,000 or amount of Plaintiff's actual damages, whichever is greater, if the jury finds Defendant acted recklessly;
>    b. $500,000 or twice the amount of Plaintiff's actual damages, whichever is greater, if the jury finds Defendant acted intentionally and maliciously.

Doc. No. 21–2, p.8. No in-depth analysis is required to demonstrate that Plaintiff's initial disclosures failed to comply with Rule 26—the disclosure simply does not provide a specific computation of each category of Plaintiff's damages. *See Isom v. Midwest Div. - OPRMC, LLC*, No. 13-2602-RDR, 2014 WL 3541842, at *3 (D. Kan. July 17, 2014) (noting that Plaintiff failed to comply with Rule 26 because his "original initial disclosures list the type of damages sought . . . but fail to provide any corresponding dollar computation.").

According to Plaintiff, however, his supplemental computation on November 11, 2019 satisfies Rule 26, in addition to Plaintiff's disclosures of other documents and depositions related to his damages. Doc. No. 29, p. 13. In his supplemental "computation," Plaintiff disclosed the following:

C. Computation of damages:
1. The loss of policy benefits underlying Plaintiff's claim as detailed in previous communications with Defendant including cost of repairing Plaintiff's residence, personal property damages by this loss and additional living expenses incurred by Plaintiff. At this time, the amounts of such damages are consistent with the information previously sent to CSAA by Geoff Humphers on June 13, 2019 (copy attached hereto).
2. Consequential damages suffered by Plaintiff — see response to item number 1 above.
3. Interest at 15% from date of loss per 36 O.S. § 3629.
4. Punitive damages in maximum amount allowable under Oklahoma law:
   a. $100,000 or amount of Plaintiff's actual damages, whichever is greater, if the jury finds Defendant acted recklessly;
   b. $500,000 or twice the amount of Plaintiff's actual damages, whichever is greater, if the jury finds Defendant acted intentionally and maliciously.

Doc. No. 29–1, p. 3. The only difference between Plaintiff's supplemental computation of damages and his initial computation is Plaintiff's reference to a letter written by his public adjuster, Mr. Humphers. In that letter, Mr. Humphers does provide dollar amounts corresponding to Plaintiff's requested damage categories—cost of repairs, damaged personal property, and living expenses. Doc. No. 29–1, p. 2. However, those computations are incomplete.

For example, Mr. Humphers records that Plaintiff is due "$64,361.84 less prior payments" as damages for his "actual cost of repairs," but he fails to list the amount of prior payments and thus fails to provide a full computation for that damage category. *See id.* He also states that Plaintiff is due "$109,094.00 . . . less prior payments to Armada, the storage pods, and CRDN" for damaged personal property, but he fails to describe the "prior payments" for the "storage pods" and thus as above, does not provide Defendant with a full computation relating to this second category. *Id.* As to Plaintiff's living expenses, Mr.

4

Humphers requests that Defendant review a list of documents recording a number of expenses and compute the damages for themselves by subtracting those expenses from the policy limit of $48,755.00. *Id.* These disclosures do not comport with Rule 26, for they impermissibly "shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." *Jackson*, 278 F.R.D. at 593.

What's more, Plaintiff's supplemental computation, including Mr. Humphers' attached letter, does not include any information regarding the damage calculation in the report of Plaintiff's reconstruction expert, Sean Wiley. In that report, Mr. Wiley estimated Plaintiff's damages for cost of repairs to be $81,735.03—rather than $64,361.84 less prior payments, as indicated by Mr. Humphers. *See* Doc. No. 29, p. 6; Doc. No. 29–7. To be sure, Plaintiff contends that this information was unavailable until May 1, 2020. Doc. No. 29, p. 6. Still, since Mr. Wiley's damage computation for Plaintiff's cost of repairs is different from Mr. Humphers', Plaintiff has an obligation to supplement his damage computation with that information, not simply an obligation to disclose the report itself. *See Morrison,* 175 F.3d at 1229 n.2; *Brinkman v. Ryan*, No. CV-15-02027-PHX-ROS-(BSB), 2017 WL 11453550, at *2 (D. Ariz. Nov. 21, 2017) ("Plaintiff . . . has a continuing duty to supplement his damages calculation and the rest of his disclosures if additional evidence becomes available to him.").

To the extent Plaintiff's borrowing, Doc. No. 29, pp. 6–11, is meant to factor into his damages computation, Plaintiff's provision of his own deposition testimony recording his borrowing activity does not satisfy Rule 26. *See Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004) ("[D]efendant is entitled to a

5

specific computation of plaintiff's damages, and is entitled to have made available for inspection and copying the documents and other evidentiary material on which such computation is based.")

Finally, Plaintiff claims that the information provided above is more than sufficient considering Defendant's ability to "focus additional discovery as it deems necessary . . . ." Doc. No. 29, p. 13. Plaintiff is incorrect. That Defendant can focus additional discovery on Plaintiff's damages does not relieve Plaintiff of his requirement to disclose specific damage computations in accordance with Rule 26. *See id.* (finding that defendant's ability to discover damage information through deposition does not satisfy Plaintiff's Rule 26 requirements).

For the foregoing reasons, the Court grants Defendant's Motion to Compel, Doc. No. 21. Plaintiff is hereby ordered to submit to Defendant a supplemental disclosure which shall include a specific computation of damages that complies with Rule 26(a)(1)(A)(iii). To that end, Plaintiff's computation shall include—to the extent information is currently available—the categories of damages he seeks with corresponding dollar figures and citations to documents and other evidentiary material on which the entire computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii).[2]

---

[2] In his Petition, Plaintiff requests damages for emotional and dignitary harm. *See* Doc. No. 1–1, ¶ 7. This Court has previously determined that "computation of non-economic damages, such as those for emotional distress and dignitary harm, are necessarily vague and generally considered a fact issue for the jury." *Hancock v. Greystar Mgmt. Servs., L.P.*, No. CIV-15-1095-R, 2016 WL 2889084, at *1 (W.D. Okla. May 17, 2016) (internal quotation marks and citation omitted). However, consistent with the Court's treatment of such damages in the past, "[i]f Plaintiff intends to request a specific dollar amount for [his] emotional or dignitary harm damages to the jury, then [he] must . . . provide a computation of the same." *Id.* Otherwise, he may not request from or suggest to the jury a specific amount or range of compensation for those damages unless the failure to disclose was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c)(1).

**IT IS SO ORDERED** this 15th day of June 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE